# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LORI L. DEATRICH-RIDENOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:05-CV-00241 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed by Plaintiff Lori L. Deatrich-Ridenour on April 25, 2006. (Docket # 20.) Defendant Commissioner of Social Security does not object to Ridenour's request for fees and asks only that the award be paid to Ridenour, not her attorney. In that regard, the Commissioner relies not only on case law, but also the applicable statute. *See* 28 U.S.C. § 2412(d) ("[A] court shall award [fees] to a prevailing party . . . ."); *cf. Venegas v. Mitchell*, 495 U.S. 82, 87-89 (1990) (interpreting similar fee-shifting statute and holding that fees belong to the party, not the attorney); *Zeisler v. Neese*, 24 F.3d 1000, 1001 (7th Cir. 1994) ("[T]he entitlement to attorney's fees [under Truth in Lending Act] belongs to the plaintiff, not to (in this case her) lawyer. That is what the statute says, and it follows the pattern set by other attorney fee statutes."). Neither Ridenour nor her counsel apparently object to this course of action, since no reply has been filed. Accordingly, we will grant Ridenour's motion for attorney's fees, directing them to be paid to her.

On March 13, 2006, this Court entered an Order remanding this case to the Social Security Administration for further proceedings. (Docket # 18.) Ridenour is now seeking

$1,789.90 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA states that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner concedes that an award of fees is appropriate.

Accordingly, Ridenour's request for attorney fees will be granted.

## **CONCLUSION**

For the foregoing reasons, Ridenour's motion for award of attorney's fees under the EAJA (Docket # 20) is GRANTED in the amount of $1,789.90. This amount is to be paid to Ridenour and not to her attorney. SO ORDERED.

Enter for May 31, 2006.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge